# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:15CR00005-001 |
| v. | ) | **OPINION** |
| | ) | |
| **RICHARD WILLIAM FAXON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Erin M. Kulpa, Assistant United States Attorney, Harrisonburg, Virginia, for United States; Richard William Faxon, Pro Se Defendant.*

The defendant, Richard William Faxon, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel. The government filed a Motion to Dismiss. Faxon filed a Motion to Amend his § 2255 petition and the government responded in opposition. The motions are now ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

On July 28, 2015, pursuant to a written plea agreement, Faxon pleaded guilty to receiving and possessing stolen firearms, in violation of 18 U.S.C. §§ 2 & 922(j), and witness tampering, in violation of 18 U.S.C. § 1512(b)(1). The plea agreement provided that U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1 applied to the firearm charge, with a base offense level of 20, and included a 4-

level enhancement for the number of firearms involved and a 2-level enhancement because the firearms were stolen. Plea Agreement 3, ECF No. 168.

A change of plea hearing was held on July 28, 2015. Faxon stated, under oath, that he had had an adequate opportunity to discuss the indictment and the case with his attorney, and also to read and discuss the Plea Agreement before singing it. Plea Hr'g Tr. 20-22 ECF No. 268. He stated the he had read the entire Plea Agreement and that he was satisfied with his attorney's representation. *Id*. at 22. The court informed Faxon that he faced a maximum of 10 years imprisonment on the firearm charge and a maximum of 20 years imprisonment on the witness tampering charge. *Id*. at 26. The government reviewed the terms of the Plea Agreement, including the Sentencing Guidelines applicable to Faxon. *Id*. at 25-29. Faxon stated that he understood that he was giving up his right to appeal and to collaterally attack his sentence, insofar as legally allowed. *Id*. at 31. Faxon agreed that he was pleading guilty because he was, in fact, guilty of the charged conduct. Id. at 41-42, 48.

I sentenced Faxon to 120 months incarceration on each count, to be served concurrently. Faxon, through counsel, filed a Notice of Appeal. However, he moved to voluntarily withdraw the appeal, which was granted.

In this § 2255 motion, Faxon alleges that counsel provided ineffective assistance by failing to: (1) inform him that he could "plea demurrer;" (2)

challenge the court's subject matter jurisdiction and inform him that he may appear by "special visitation;" (3) investigate the witness tampering charge; (4) object to the court's failure to inform him of the minimum and maximum sentences that he faced; (5) challenge the firearm enhancement; (6) explain that the appeal waiver in his Plea Agreement was unconstitutional and that he could appeal, even with the waiver; (7) object to the 120-month sentence imposed; and (8) file a brief on appeal pursuant to *Anders v. California,* 386 U.S. 738 (1967). In addition, Faxon filed a Motion to Amend his § 2255, requesting access to discovery.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Faxon bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Plea Demurer.*

Faxon first argues that his counsel erred by failing to inform him that he could "plea demurrer" to the charges against him. "What the demurring defendant seeks is a ruling that as a matter of law the State's evidence is insufficient to

establish his factual guilt." *Smalis v. Pennsylvania*, 476 U.S. 140, 144 (1986). While a defendant may be able to demurrer in state court, no such procedure exists. Because Faxon could not enter a demurrer to the charges against him, his counsel was not ineffective for failing to explain such a plea. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (concluding that counsel's failure to raise a futile argument did not constitute ineffective assistance of counsel); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (noting that in order to succeed on an ineffective assistance of counsel claim, a defendant must establish both deficient performance and prejudice).

   *B. Subject Matter Jurisdiction and Special Visitation.*

   Next, Faxon argues that his counsel erred by failing to argue that the court lacked subject-matter jurisdiction to adjudicate his firearm claim. Faxon claims that only the Commonwealth of Virginia, which originally charged him for the criminal conduct at issue in this case, but later dropped the charges, had jurisdiction. In a related claim, Faxon argues that his counsel erred by "failing to inform him that he may also plea[d] by 'appearing by special visitation,'" which Faxon argues would have established that the firearm charge could be adjudicated solely by the Commonwealth of Virginia. 2255 Mot. 15, ECF No. 260-1. These jurisdictional arguments are without merit.

Faxon was indicted for violating a federal firearm statute, 18 U.S.C. § 922(j), which prohibits the receipt and possession of stolen firearms that have traveled through interstate commerce. The federal courts are tasked with adjudicating violations of federal statutes. *See Tafflin v. Levitt*, 493 U.S. 455, 467-68 (1990) (White, J., concurring) ("Congress . . . has confined jurisdiction over federal criminal cases to the federal courts."). Moreover, the fact that charges were brought originally in state court does not divest jurisdiction from the federal court. Two separate sovereigns — the United States and the Commonwealth of Virginia — may prosecute an individual for the same offense conduct because each draws its authority from a separate source of power, resulting in the creation of different laws. *See Rinaldi v. United States,* 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act."). Accordingly, Faxon has not established that the court lacked subject matter jurisdiction, so his lawyer was not ineffective for failing to raise the issue before the court. *Sharpe*, 593 F.3d at 383; *Strickland*, 466 U.S. at 687.

*C. Investigation.*

Faxon next argues that counsel provided deficient representation because she failed to conduct a timely and proper investigation into the witness tampering charge. He asserts that had counsel listened to all of the telephone calls from

prison that formed the basis for this charge, she would have realized that he is innocent. This claim is without merit for many reasons.

First, he admitted, in his plea hearing, that he was guilty of witness tampering. In addition, the government reviewed the evidence that it had to support the charges, and stated that Faxon made calls from jail issuing "threats of physical violence to a witness who testified against him in state court in connection with this case, attempting to get others to physically injury the witness." Plea Hr'g Tr. 46, ECF No. 268. Faxon did not contest these facts, when given an opportunity to do so.

Moreover, Faxon has not explained what, specifically, he wanted counsel to investigate or the evidence he wanted counsel to uncover. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted); *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). Accordingly, he has not established that his counsel provided deficient performance by failing to investigate the witness tampering charge. *Strickland*, 466 U.S. 687.

*D. Minimum and Maximum Sentence.*

Next, Faxon argues that counsel provided deficient performance because she failed to object to the fact that he was never told about the minimum and maximum sentences that he faced for his two charges. This claim is without merit.

Faxon was informed, in his plea agreement and at the guilty plea hearing, that he faced a maximum term of 10 years imprisonment for the firearm charge and 20 years imprisonment on the witness tampering charge. Plea Agreement 1, ECF No. 168, Plea Hr'g Tr. 26, ECF No. 268. Neither charge carries a mandatory minimum sentence. Faxon was informed of his sentence exposure and he indicated that he understood the maximum sentences that he could face by signing the Plea Agreement and stating, under oath, that he understood the terms of the Plea Agreement at the guilty plea hearing. Accordingly, counsel did not err by failing to raise such an objection. *Strickland*, 466 U.S. at 687.

*E. Firearms Enhancements.*

Faxon also argues that counsel erred by failing to challenge his firearm-related sentencing enhancements. He received a four-level enhancement because there were between 8 and 24 firearms involved in the offense under USSG § 2K2.1(b)(1)(B), and a two-level enhancement because the firearms were stolen under USSG § 2K2.1(b)(4)(A). However, Faxon agreed that these enhancements applied to him as they were set forth in his Plea Agreement. Moreover, at the

guilty plea hearing, the government proffered evidence that witnesses would testify at trial that Faxon was seen in possession of numerous firearms that had been stolen, that he had pictures of stolen firearms on his cellular phone, and that he was aware that the firearms were stolen at the time he possessed them. Faxon did not contest these facts.

Counsel, therefore, could not have challenged the firearm enhancements without jeopardizing the Plea Agreement. More importantly, counsel would have had no reason to challenge these enhancements that Faxon agreed were applicable. Accordingly, Faxon has not established that counsel's conduct fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.

*F. Sentence.*

Faxon also argues that counsel was ineffective for failing to object, at sentencing, to the 10-year sentence that I imposed. His advisory guideline range was 100 to 125 months. Before sentencing Faxon to 120 months, I reviewed the applicable 18 U.S.C. § 3553(a) factors. Faxon argues that he deserved a lower sentence because his criminal history was exaggerated. However, he has not pointed to any errors in his criminal history computation. A sentence that is imposed within a defendant's properly-calculated sentencing guideline range is presumptively reasonable. *United States v. Green*, 436 F.3d 449, 457 (4th Cir.

2006). Accordingly, Faxon cannot establish that counsel's failure to object to the sentence imposed constituted deficient performance. *Strickland*, 466 U.S. at 687.

*G. Appeal and Waiver.*

Finally, Faxon argues that counsel erred by failing to explain to him that he had the right to appeal, failing to challenge the waiver provisions in his Plea Agreement, and failing to file an *Anders* brief on his behalf. These claims, too, do not support an ineffective assistance claim.

First, I informed Faxon, at his sentencing hearing, that any notice of appeal must be filed within 14 days of the entry of judgment. Faxon obviously understood because he filed an appeal. He later filed a motion to voluntarily dismiss that appeal, which was granted. But because he filed an appeal, he cannot successfully argue that counsel failed to inform him of his right to appeal.

Second, although Faxon argues that the appellate and collateral attack waiver provisions in his Plea Agreement were unconstitutional, that is not so. Appellate and collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Faxon has not pointed to any evidence to suggest that his plea was anything but knowing and voluntary.

Finally, Faxon argues that counsel provided deficient performance by failing to file an *Anders* brief on his behalf. However, after filing his Notice of Appeal

with the Fourth Circuit, he was appointed appellate counsel. Once Faxon received appellate counsel, his trial counsel was no longer responsible for filing appellate briefs on his behalf. Although appellate counsel could have filed an *Anders* brief for him, on the same day that the Fourth Circuit issued the briefing order in his case, Faxon filed his Motion to Voluntarily Dismiss.

Faxon has failed to show that counsel provided either deficient performance or that he was prejudiced by her conduct. Accordingly, he is not entitled to relief.

III.

Faxon also filed a Motion to Amend his § 2255 petition. In it, he requests free copies of various documents from the docket to prove his innocence. The court previously denied a similar motion, noting that an indigent defendant is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). However, Faxon's claim of actual innocence relates back to his claim in the original § 2255 motion that counsel erred by failing to investigate the charges against him. Accordingly, the Motion to Amend, ECF. 272, will be granted. *See* Fed. R. Civ. P. 15(c)(1)(B) (providing that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading"). Nonetheless, Faxon's allegation of innocence, which

is vague and contradicts his Plea Agreement and sworn statements at his plea hearing, does not support his claim for relief.

IV.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: May 21, 2018

/s/ James P. Jones
United States District Judge